### Joseph P. Wuller, Appellee, v. Chuse Grocery Company, Appellant.

CORPORATIONS—*right of minor to recover stock subscription.* A minor who has subscribed for and paid money on stock of a corporation may repudiate his contract and recover back the money so paid if he has received no benefit.

Bill in chancery. Appeal from the Circuit Court of St. Clair county; the Hon. B. R. BURROUGHS, Judge, presiding. Heard in this court at the August term, 1908. Affirmed. Opinion filed March 4, 1909.

L. D. TURNER and L. D. TURNER, JR., for appellant.

DILL & PFINGSTEN and SCHAEFER, FARMER and KRUEGER, for appellee.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was a bill in chancery, in the Circuit Court of

St. Clair county, by appellee, a minor, against appellant, praying for an accounting and decree for amount found due, and for the appointment of a receiver. The case was tried by the chancellor, on evidence produced and heard in open court, a decree was rendered in favor of appellee against appellant for $1,500, being the amount appellee had paid to appellant for fifteen shares of the stock of appellant company, "and that the certificate for said shares of stock be and is hereby canceled and held for naught."

On the 12th day of May, 1905, appellant corporation was organized under the laws of this state, with a capital stock of $4,500 divided into forty-five shares, of $100 each. Appellee subscribed for fifteen shares of this stock and paid therefor $1,500, cash, he at that time being a minor only seventeen years and eight months of age. After the company was organized appellee worked for it at a salary of $12 per week for the first year and after that at $15 per week. He received no dividends or profits on the stock, and on the 23rd day of December, 1907, still being a minor, he filed his bill herein by Adam Karr, his next friend. In his bill he charges his co-stockholders with certain acts of mismanagement of the business and certain wrongful purposes with respect to the stock of the company and his rights therein, states that he is a minor of the age of twenty years and avails himself of the right given him by law to reject and refuse to be bound by his subscription for the fifteen shares of stock of appellant company, for which he had paid the sum of $1,500, and demands re-payment to him of that sum.

The controlling questions as to the merits of this case are well stated by counsel for appellant in their reply brief. They say: "Can a minor who has subscribed for stock in a corporation for profit, organized under the law, recover the subscription price back from the corporation? And if so, can he make a bind-

ing selection of the right during his minority?" And they contend that a minor in such case cannot, under the law, recover back from the corporation, and that he cannot make a binding selection of such right during his minority. We cannot agree with counsel upon either of these propositions.

The general statement of the law, with respect to the right of such minor to recover back, is to the effect that any infant who has subscribed for and paid money on stock of a corporation of the character of appellant, may repudiate and recover back the money so paid, if no benefit has been received. This is the generally accepted rule and is supported by almost all the authority there is upon the question.

We think the confusion as to when a minor can make a binding selection of his right grows out of the fact that one rule applies as to real property and another as to personalty. The rule as to personal property is that when an infant has purchased and paid for an article of personal property, he can at any time during his minority, or within a reasonable time after he attains his majority, tender back the article so purchased and recover back the money paid for it. Stock of a corporation, such as that of appellant, is personal property in this state and we think the rule above stated is as applicable to a purchase of such stock as it is to any other article of personal property.

Finally, counsel contend that the "court had no authority to cancel this stock," and that it is error for which the decree must be reversed.

The language of the decree is not as above quoted. The language is, "and that the certificate for said shares of stock be and is hereby canceled and held for naught." The decree does not cancel the stock. The effect of it is to decree the subscription by appellee annulled, and to cancel the certificate which evidenced the subscription. The stock thereupon reverted to the corporation, appellant, and must be

treated as a surrender thereof to appellant. As we understand the decree it does not "wipe out" the shares, nor "deplete the capital stock," nor "prevent appellant from selling that stock to any one." We think that upon annulment of the subscription of these shares of stock to appellee, it was the duty of the court to have the certificate which evidenced that sale surrendered and canceled.

We find no reversible error in this record. The decree of the Circuit Court is affirmed.

*Affirmed.*